JESSE WELTON, Respondent, *v.* PACIFIC RAILROAD COMPANY,
Appellant.

*Pleading—Railroad.*—In a suit against a railroad corporation for the transport-
ing a slave without the consent of his owner, it must be averred in the peti-
tion that the defendant is a railroad corporation in this State.  (Local Acts
1855, p. 169.)

*Appeal from Osage Circuit Court.*

*Welch, Doniphan,* and *Lawson,* for plaintiff in error.

I. The petition is wholly insufficient to justify such action,
inasmuch as the plaintiff did not allege all the facts in his
petition necessary to bring defendant within the statute and
subject to its penalties.   The petition, if good at all, is only
good as a common law pleading, and the judgment should
have been for single damages only, if for any at all.   (Sess.
Acts 1855, p. 169; Williams v. Hingham, &c., Turnpike Co.,
4 Pick. 341; Spiers v. Parker, 1 Tenn. 141; Bartlett v.
Crozier, 17 Johns. 456.)

II. The court should have arrested the judgment, for the
reason that the petition does not state facts sufficient to con-
stitute a cause of action under the statute on which this suit
is attempted to be founded.   It is not alleged in the petition
that the defendant is a railroad " *company*," nor that the
defendant, if a railroad company at all, is a railroad com-
pany " in this State ;" and it will not be presumed that
facts necessary to a recovery, but not stated or alleged, have
been proven.   Neither did the default admit these facts :
since such default admits well-pleaded facts ; and such facts
as are of a nature to be necessarily inferred from those
which are alleged.   Such default as well as the verdict can
only avail where a title is defectively stated, and not where
there is a failure to show any title at all.   In this case there
is *no title* to a recovery stated at all, inasmuch as by the very
statute upon which the action is founded, and on which he
relies to support his action, it is required that the defendant

be a railroad "company," and a company "within this State." (Williams v. Hingham, &c., Turnpike Co., 4 Pick. 341 ; Spiers v. Parker, 1 Tenn. 141 ; Bartlett v. Crozier, 17 Johns. 456 ; Pollard v. Thompson, 5 Humph. 56 ; Hennike v. Contoocook Valley R.R., 9 Foster, N. H. 146 ; Bristol v. Rensalaer & Saratoga R.R., 9 Barb. S. C. 158 ; Garvey v. Fowler, 4 Sandf. S. C. 665 ; Rider v. Smith, 3 Tenn. 766 ; State, to use Squire, v. Bird et als., 22 Mo. 472.)

*H. Clay Ewing* and *J. L. Smith*, for defendant in error.

I. The court did right in refusing to set aside the verdict and grant a new trial. The evidence would not warrant the granting of a new trial. The finding was not against the evidence nor against the laws, as laid down by the court. The Supreme Court will not interfere with the discretion of the lower courts in refusing to grant new trials, unless gross and manifest injustice is done. (1 Mo. 13 ; 3 Mo. 464 ; 7 Mo. 282 ; 4 Mo. 295 ; 5 Mo. 489 ; 6 Mo. 489, 61, 211 ; 7 Mo. 220, 455 ; 8 Mo. 642, 9, 268, 12, 380.)

II. The court did right in refusing to arrest the judgment upon the motion of defendant. It is only necessary in suing a corporation to do so by its corporate name. (Gould's Plead. 86 ; Modern Plead. 83 ; 2 Institutes, 666 ; Sellon's Prac. 77 ; 1 Black. 474, 475 ; Grant on Corp. 50, 51.) It is submitted that it is sufficient to sue or be sued by the corporate name alone. The silence of the defendant in its pleading is equivalent to an admission. (R. C. 1855, p. 376, § 1 ; McIntire v. Preston, Gillman's Ill. 48 ; Phœnix Bank v. Curtis, 14 Count. 437 ; Prince & Ganett v. Commercial Bank of Columbus, 1 Ala. 241 ; The Society, &c., v. Pawlet, 4 Pet. 500 ; 6 N. H. 197 ; Pres't U. S. Bank v. Hoskins, 1 Johns. 132 ; Bennington Iron Co. v. Rutherford, 3 Hainson's N. J. 105 ; Bennington Iron Co. v. Rutherford, 3 Hainson's N. J. 158 ; Harris v. Muskingum Manuf'g Co., 4 Black. Ind. 267 ; Richardson v. St. Joseph Iron Co., 5 Black. Ind. 146 ; Dutchess Cotton Manuf'g Co. v. Davis, 14 Johns. 239 ; Bank of Michigan v. Williams, 5 Wend. 478 ; 2 Ld. Ray-

mond's Rep. 1532 ; Union Mutual Ins. Co. v. Osgood, 1
Duer, N. Y. 707 ; 2 Cowan, N. Y. 778 ; Kennedy v. Colton,
28 Barb. 59.)

III. If the court should be of opinion that the petition is
defective, it is contended that it is cured by the verdict.
That it is not such defect as can be taken advantage of by mo-
tion in arrest, but must be by demurrer or answer. (R. C. 1855,
p. 1256, § 19, 8th subd.; Shaler v. Van Wormer, 33 Mo. 386,
and authorities cited ; Berry v. City of St. Louis, 12 Mo. 298 ;
Muller v. Pryor, 12 Mo. 307 ; Squire et al. v. St. Bt. Indiana,
28 Mo. 335 ; Andrews v. Lynch, 27 Mo. 167 ; Welch v. Bryan,
28 Mo. 30 ; 3 Sel. N. Y. 464 ; Gould v. Gloss, 19 Barb. 185 ;
Frazier v. Roberts, 32 Mo. 457 ; 2 Am. Railw. cases, 161.)

IV. The court did right in allowing the sheriff to amend
his return, and in overruling defendant's motion to quash
the same. (Blaisdell v. St. Bt. William Pope, 157 Mo. ; 2
R. C. 1855, p. 1255, § 17.) The return as amended is cor-
rect. (1 R. C. 1855, p. 376, § 2 ; 31 Mo. 409.)

V. The court did right in refusing to set aside the judg-
ment by default upon the motion and affidavit of the " Pres-
ident of the defendant." It would be sufficient to refer the
court to the affidavit itself as authority to sustain this point.
(Barry v. Johnson & Johnson, 3 Mo. 263 ; Lecompt & Wife
v. Wash, 4 Mo. 557 ; Werner v. Morris, 7 Mo. 6 ; Green v.
Godlove, 7 Mo. 25 ; Kerby & Patton v. Chadwell, 10 Mo.
392 ; Campbell v. Garton, 29 Mo. 343.)

VI. As to the point in the motion in arrest that the petition
alleges that " defendant by its officers and *servants*," is de-
fective, it is considered of no force, and if it was, it is too
late to take advantage of it by motion in arrest ; it should
have been done by demurrer or answer. (See authorities
quoted under the 3d point.)

DRYDEN, Judge, delivered the opinion of the court.

There is nothing in the record showing that the Circuit
Court unsoundly exercised its discretion in permitting the
sheriff to amend his return to the summons ; nor did it err

in refusing to set aside the interlocutory judgment: there was not the semblance of an excuse shown by the plaintiff in error for its failure to appear and answer within the time prescribed by law for pleading.

If these were the only objections to the proceeding of the court, we would feel no hesitation in affirming the judgment. But it is urged by the plaintiff in error that the petition in the case is insufficient to support the judgment; and after a careful consideration of the question we have arrived at the conclusion, the objection is well taken. The petition contains three counts substantially alike, based on alleged violations of the provisions of an act of the General Assembly entitled, "An act concerning the transportation of slaves by railroad companies," approved February 27, 1855. (Session Acts 1855, p. 169.)

The act provides "That the several railroad companies in this State whose officers shall transport any slave from one point or place in this State to any other point or place in the same, in any car or other conveyance of said companies, without the consent or permission of the person to whom such slave does of right belong, or who has authority to grant such consent or permission, shall forfeit and pay double the value of such slave to his owner, to be recovered by action of debt, without prejudice to the right of such owner to his action at common law."

The act, it will be observed, does not embrace all railroad companies, but alone "railroad companies *in this State;*" and in order to show a liability to the penalty, it is essential it should appear on the face of the petition that the party sued falls within the class of companies embraced within the act. This, the petition in this case fails to show; it does not appear from any averment in the petition that the plaintiff in error was ever incorporated, much less that it was an incorporated company in this State.

The respondent has cited numerous authorities to prove that where the plaintiff sues in a name appropriate to a corporate body, it is not necessary to aver in the complaint that

it is a corporation. The authorities only prove that a party using a name appropriate to a corporate body shall be presumed to be a corporation, and capable of suing, until denied by the adversary.

And if the principle established by these authorities should be held to apply to a *defendant* corporation, still the point is not met. The question is not a question of capacity to sue or be sued, or whether the plaintiff in error is a corporation; but it is, whether the plaintiff in error being presumed to be a corporation, and having capacity to be sued, is one of a class embraced within and exposed to the penalties of the law under consideration. The law will not presume it belongs to such class, but the fact must appear by averment.

The petition not showing the plaintiff in error was a railroad company in this State, failed to show any cause of action, and for this reason the judgment will be reversed and the cause remanded, with leave to the respondent to amend. The other judges concur.